**WO** JDN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan Kenneth Morgal, ) | No. CV 07-670-PHX-MHM (ECV) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, et al., ) | |
| Defendants. ) | |

Plaintiff Allan Kenneth Morgal brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio, Captain Tate, the Maricopa County Board of Supervisors, and Correctional Health Services (CHS) (Doc. #1). Defendants moved to dismiss for lack of personal jurisdiction and for failure to state a claim (Doc. #9). Plaintiff responded, and Defendants replied (Doc. ##23-24). The Court will grant in part and deny in part Defendants' motion.

**I.   Background**

Plaintiff's claim arose during his confinement at the Maricopa County Fourth Avenue Jail and Lower Buckeye Jail (Doc. #1 at 1). He alleged that in August 2005, he was spitting up blood and attempted to obtain medical treatment at the jail by submitting "sick call lists"; however, he was never seen (id. at 4A). By December Plaintiff had still not been seen, so he instituted the inmate grievance process. Plaintiff was finally seen by medical in January 2006, approximately 6 weeks after he submitted an inmate grievance (id. at 4B). He claimed that in addition to coughing up blood, he suffered splitting headaches, ringing ears, and a virus (id. at 4). Plaintiff alleged that Defendants' delay in treating his serious medical injury

and their medical care policies at the jail constituted deliberate indifference (id. at 4C).

Plaintiff further alleged that in March 2006, he began submitting written and oral requests for his prescribed high blood pressure medication that he had been taking for the last 14 months following a stroke (id. at 4D).  Although the jail had initially been providing Plaintiff with his medication, by March 17, he had not received his medication for 10 days.  Plaintiff initiated an inmate grievance and was finally provided his medication after going without for 19 days (id. at 4D-G).  He claimed that he was harmed as a result of the delay in obtaining medication; he suffered from high blood pressure, dizziness, and a constant headache (id. at 4H).  Plaintiff alleged the Defendants' actions and policies violated his constitutional rights (id. at 4H-J).

The Court ordered the four named Defendants to answer, and they filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (Doc. ##3, 9).  In their motion, Defendants contended that (1) CHS is not a jural entity, (2) the Board of Supervisors is a not a jural entity, and (3) the Board of Supervisors is not responsible for the operation of the jails (Doc. #9).

The Court issued an Order informing Plaintiff of his obligation to respond to Defendants' motion (Doc. #10).  The Order inadvertently notified Plaintiff that Defendants were seeking to dismiss the action for failure to exhaust administrative remedies and specifically instructed Plaintiff to submit evidence that he exhausted the grievance procedures (id. at 1-2).  Thus, in response Plaintiff argued that he exhausted his claims and he proffered copies of his grievances and grievance appeals (Doc. #23).

Defendants replied that they never sought dismissal for nonexhaustion and they reiterated their contention that CHS and the Board of Supervisors are non-jural entities entitled to dismissal (Doc. #24).

**II.   Legal Standard**

    **A.   Federal Rule of Civil Procedure 12(b)(2)**

Rule 12(b)(2) is the vehicle used by a defendant to argue that the district court does not have personal jurisdiction over the defendant, "which raises a question as to whether the

controversy or the defendant has sufficient contacts, ties, or relationships with the forum to give the court the right to exercise judicial power over the defendant—an issue that typically implicates a jurisdictional statute or rule and quite frequently the Due Process Clause of the Constitution as well." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (3d ed. 2004). Because Defendants argue that Plaintiff's claims against CHS and the Board of Supervisors fail to state a claim under § 1983 (because those entities are non-jural entities), the proper route is Rule 12(b)(6), not Rule 12(b)(2). The Court will therefore analyze all of Defendants' arguments for dismissal under Rule 12(b)(6). See id. ("the district court may adjudicate the motion and ignore the way it is captioned").

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In determining whether the allegations in a complaint state a claim upon which relief may be granted, the Court must take the allegations of material fact as true and construe them in the light most favorable to the plaintiff. Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (*per curiam*). Pro se pleadings must be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996). The rule of liberal construction of pleadings is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

### III. Analysis

#### A. CHS

Defendants move to dismiss CHS as a defendant on the ground that it is a not a jural entity that can be sued (Doc. #9 at 2-3). Municipalities and other local governing bodies are

- 3 -

1 included among those "persons" who may be sued under § 1983. <u>Monell v. Dep't of Social
2 Services of New York</u>, 436 U.S. 658, 690-91 (1978). Because CHS is not a municipal
3 corporation, a local governing body, or a private corporation, it is not a "person" amenable
4 to suit under § 1983. The county is responsible for providing medical care to county jail
5 inmates through its Board of Supervisors. <u>See</u> Ariz. Rev. Stat. § 11-291(A). Any actions
6 against a county policy must be brought against the county or the board and not against an
7 administrative subdivision of the county; thus, CHS is an improper defendant. The request
8 to dismiss CHS will be granted.

### B. Board of Supervisors

10 Defendants' next argue that the Board of Supervisors is a non-jural entity that cannot
11 be sued (Doc. #9 at 3-4). Defendants contend that the Board of Supervisors acts for and on
12 behalf of the county; however, the proper party to sue for their actions is "Maricopa County"
13 (<u>id.</u>). They also maintain that the Board of Supervisors is not liable because it cannot
14 establish official policy with regard to the operation of the jails, nor can it be liable under a
15 theory of *respondeat superior* (<u>id.</u> at 4-5).

16 There are multiple statutory provisions indicating that the Board of Supervisors is a
17 jural entity. The Board of Supervisors has the power to enter into contractual agreements and
18 the power to purchase, lease, and sell property and other interests of the county. Ariz. Rev.
19 Stat. §§ 11-251(7)(9)(18)(19)(23)(26)(28)(29)(41)(42)(61) and 11-251.02(2)(3). The Court
20 finds that an entity that is capable of entering into these types of agreements must also have
21 the ability to judicially enforce the agreements or have these agreements judicially enforced
22 against the entity.

23 More importantly, as noted above, municipalities and other local governing bodies
24 constitute "persons" who may be sued under § 1983. <u>Monell</u>, 436 U.S. at 690-91. The
25 Board of Supervisors is a local governing body. <u>See</u> Ariz. Rev. Stat. § 11-251 et seq. To
26 maintain a § 1983 claim against a local governing body, the plaintiff must establish a "policy
27 or custom" attributable to the body and allege that the policy or custom was the "moving
28 force" behind the constitutional deprivation. <u>Monell</u>, 436 U.S. at 691-94. Plaintiff's

allegations sufficiently allege the requisite culpability and causation against the Board of Supervisors to state a claim under § 1983 (see Doc. #1 at 4C-D, 4J).  Moreover, state law provides that the Board of Supervisors is responsible for the medical care of inmates in the county jails.  See Ariz. Rev. Stat. § 11-291(A).

For these reasons, Defendants' request for dismissal on the grounds that the Board of Supervisors is a non-jural entity and that it is not responsible for the operation of the jails will be denied.

**IT IS ORDERED:**

(1) Defendants' Motion to Dismiss (Doc. #9) is **granted** in part and **denied** in part as follows:

    (a) the motion is **granted** as to CHS; CHS must be dismissed from this action;

    (b) the motion is **denied** as to the Maricopa County Board of Supervisors.

(2) The remaining defendants are Joseph Arpaio, Captain Tate, and the Maricopa County Board of Supervisors.

DATED this 26th day of November, 2007.

_____
Mary H. Murguia
United States District Judge