**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allen Kenneth Morgal, | No. CV 07-0670-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa Board of Supervisors, | |
| Defendant. | |

The Court is in receipt of Plaintiff's Motion for Telephonic Conference (Dkt.#67). In this motion, Plaintiff argues Defendant has failed to provide him with discovery documents and that he has contacted Defendant "to no avail." He therefore requested that the Court hold a telephonic conference. After reviewing Defendant's Responses to Motion to Produce (Dkt.#66-2), the Court is satisfied that the relevant documents have been produced and/or disclosed to Plaintiff. Plaintiff's Motion is therefore denied.

The Court is also in receipt of the briefing relating to Plaintiff's Motion to Disqualify.[1] Plaintiff objects to the "appearance of impropriety" of allowing Scott Zwillinger, who served as a law clerk to the Court approximately seven years ago, represent the Defendant in this

---

[1] This Motion does not appear on the Court's docket; however, the Defendant's Response to Motion to Disqualify appears at Dkt.#64 and Plaintiff's Reply appears at Dkt.#65.

case. (Dkt.#65) Plaintiff particularly objects to the "social relations" of the Court with Mr. Zwillinger.

The Court discussed this matter with the parties during the status hearing held April 13, 2009. At the status hearing, the Court advised Mr. Morgal that Mr. Zwillinger was a former law clerk to the Court but that the Court did not believe that this fact would disqualify Mr. Zwillinger from acting as counsel. (Dkt.#61) At the status hearing, Mr. Morgal stated that he had no objection; however, the Court nevertheless gave Plaintiff one week to file an objection and/or motion. No such objection and/or motion appears to have been filed within that time period.

However, the apparent delay notwithstanding, because civil litigants are typically permitted to be represented by counsel of their own choosing, courts will not disturb a parties choice of counsel unless an ethical issue exists. *See* 28 U.S.C. § 1654; *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998). Here, Mr. Morgal does not allege that any such issue is present, but rather, relies on the "appearance of impropriety." (Dkt.#65)

However, case law reflects that courts routinely permit their former law clerks to practice in front of them, provided that the law clerk has no intimate knowledge of the judge's inclinations regarding the case. *See e.g., Ghee v. Artuz,* 285 F.Supp.2d 328, 329-30 (E.D.N.Y. 2003) (denying motion to disqualify Court's former law clerk who had completed a clerkship "more than a year" earlier); *Sprauve v. Mastromonico,* 86 F.Supp.2d 519, 530 n.36 (D. . I. 1999) (explaining that former law clerk's appearance before judge as counsel in case "can give no basis for impropriety"); *Smith v. Pepsico, Inc.*, 434 F.Supp. 524, 526 (D.C. Fla. 1977) (explaining that the law clerk relationship was not alone reason for the court to recuse itself); 8 Fed. Proc., L. Ed. § 20:80 (explaining that "[t]he mere fact that a party in a particular case is represented by an attorney who was formerly a law clerk for the judge hearing the case generally does not require the disqualification of the judge"). No matter in the present case has ever been discussed by the Court with Mr. Zwillinger; approximately seven years have passed since he was a law clerk. He has no intimate knowledge of this case

nor of the judge's inclinations regarding the issues present. For these reasons, the motion to disqualify is denied.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for a Telephonic Conference (Dkt.#67).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Disqualify, referenced in Defendant's Response (Dkt.#64) and Plaintiff's Reply(Dkt.#65).

**IT IS FURTHER ORDERED** granting the Motion for Association of Counsel (Dkt.#60). Scott H. Zwillinger is hereby associated as counsel for Defendant Maricopa County Board of Supervisors.

DATED this 16th day of June, 2009.

Mary H. Murguia
United States District Judge