**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Allan Kenneth Morgal,<br><br>            Plaintiff,<br><br>     vs.<br><br>Maricopa County Board of<br>Supervisors,<br><br>            Defendant. | No. CIV 07-0670-PHX-RCB<br><br>O R D E R |

Currently pending before the court is plaintiff *pro se* Allan Kenneth Morgal's "Motion to Reconsider Ruling on 6/5/2012[,]" entered on June 6, 2012.  Mot. (Doc. 156) at 1. For the reasons set forth below, because plaintiff Morgal has not met the standards for reconsideration in accordance with LRCiv 7.2(g), the court denies his motion.

## *Discussion*

"Motions for reconsideration are disfavored and should be granted only in rare circumstances."  U.S. v. Vistoso Partners, LLC, 2011 WL 2550387, at *1 (D.Ariz. June 27, 2011 (citation omitted).  Consistent with that view, LRCiv

1  7.2(g)(1) unequivocally states, in part:

2  > The Court will *ordinarily deny* a motion for reconsideration of an Order *absent a showing
3  of manifest error* **or** *a showing of new facts
   or legal authority* that could not have been
4  brought to its attention earlier with
   reasonable diligence.

6  LRCiv 7.2(g)(1) (emphasis added).  Plaintiff Morgal has shown
7  neither.

8      Plaintiff Morgal did, as LRCiv 7.2(g)(1) requires, "point
9  out with specificity the matters that [he] believes were
10 overlooked or misapprehended by the Court" in its order filed
11 June 6, 2012.  See id.  Even with that specificity, however,
12 plaintiff's motion does not provide a proper basis for
13 granting reconsideration.  In the first place, as to some
14 issues, and particularly as to the central issue of his
15 diligence in seeking amendment of the Rule 16 order, plaintiff
16 is asking this court "'to rethink what [it] . . . already
17 thought through, rightly or wrongly.'"  O'Connor v. Scottsdale
18 Healthcare Corp., 2012 WL 2106365, at *1 (June 11, 2012)
19 (quoting Motorola, Inc. v. J.B. Rodgers Mech. Contractors,
20 Inc., 215 F.R.D. 581, 586 (D.Ariz. 2003)) (other citation
21 omitted).  Asking a court to rethink its analysis is not a
22 proper basis for seeking reconsideration, however.  See id.

23     In a similar vein, and in direct contravention of LRCiv
24 7.2(g)(1), plaintiff Morgal's motion is rife with "repeat
25 . . . argument[s]" he made in connection with Morgal v.
26 Maricopa Cnty. Bd. of Supervisors, 2012 WL 2029719 (D.Ariz.
27 June 6, 2012); Doc. 152 (same).  See LRCiv 7.2(g)(1) ("No
28 motion for reconsideration of an Order may repeat any . . .

-2-

1  argument made by the movant in support of or in opposition to
2  the motion that resulted in the Order.") For example,
3  plaintiff reiterates his by now familiar refrain that the
4  defendant has not fully cooperated in discovery and has misled
5  the court with respect to the dating and relevancy of the
6  National Commission on Correctional Health Care ("NCCHC")
7  report.  Such repetitious arguments cannot form the basis for
8  relief under LRCiv 7.2(g)(1).
9      Further, to a certain extent, plaintiff's reconsideration
10 motion reflects nothing more than his disagreement or
11 dissatisfaction with this court's prior order.  Such
12 "dissatisfaction" or disagreement is not "a proper basis for
13 reconsideration[]" though.  See Spain v. EMC Mortg. Co., 2008
14 WL 2328358, at *2 (D.Ariz. June 4, 2008) (citing O'Neal v.
15 Smithkline Beecham Corp., 2008 WL 1721891, at *4 (E.D.Cal.
16 2008) (internal quotation marks and citation omitted)
17 ("Plaintiffs['] assert[ion][ ] with great vehemence and a
18 degree of disdain, that they disagree with the court's
19 findings[ ] . . . is not grounds for . . . grant[ing] . . .
20 reconsideration."); see also Dennis v. Ayers, 2008 WL 1989304,
21 at *1 (N.D.Cal. 2008) (Petitioner's disagreement "with the
22 Court's prior resolution of the claim . . . is, of course,
23 [an] insufficient [basis] for . . . granting] a motion for
24 reconsideration.")).
25     LRCiv 7.2(g)(1), governing the "[*f*]*orm and content*" of
26 motions for reconsideration, expressly provides that
27 "[f]ailure to comply with th[at] subsection may be grounds for
28 denial of the motion."  Exercising its discretion under that

1 Rule, the court denies plaintiff's motion for reconsideration
2 because he did not make the requisite showing thereunder for
3 such relief.  See LRCiv 7.2(g)(1).
4     Taking into account plaintiff's *pro se* status, the court
5 is compelled to point out several ways in which he
6 fundamentally misapprehends the June 6, 2012 order, as well as
7 the Ninth Circuit's decision (Doc. 122-1).  As to the former,
8 plaintiff claims that "pursuant to prison mail rules[]" his
9 reply was "timely and should [have] be[en] considered by the
10 court."  Mot. (Doc. 156) at 1 (citing Doc. 152 at 7 and 8).
11 The court is uncertain as to what plaintiff means by "prison
12 mail rules."  As detailed in Morgal, however, plaintiff's
13 reply, dated March 28, 2012, and which he claims was mailed
14 that same date, was not timely, even including three
15 additional days for service pursuant to Fed.R.Civ.P. 6(d).
16 See Morgal, 2012 WL 202971 at *3; and Doc. 152 at 7:16-8:12.
17     As to footnote four, plaintiff seems to suggest that this
18 court found that he improperly failed to specifically request
19 or move for modification of the Rule 16 scheduling order.  See
20 Mot. (Doc. 156) at 2.  "[F]ollow[ing] the approach endorsed by
21 the Ninth Circuit[,]" this court did *not* require such a
22 specific request or motion, however.  Morgal, 2012 WL 202971,
23 at *5 n. 4; Doc. 152 at 12 n. 4.  Instead, the court
24 explicitly "construe[d] plaintiff Morgal's motion for leave to
25 amend as a motion to modify the scheduling order under Rule
26 16."  Id. (citations omitted).
27     Turning to the Ninth Circuit's decision, plaintiff states
28 that the defendant has "not cooperated with any discovery as

1  . . . noted by the 9th Circuit[']s ruling."  Mot. (Doc. 156) at
2  2.  Further, plaintiff states that "discovery was not
3  completed as noted by the 9th Circuit remand."  Id.  These are
4  both misstatements as to what the Ninth Circuit found.  As set
5  forth in Morgal, in relevant part:

> [T]he Ninth Circuit found that '[w]hen the district court granted summary judgment for the [Board],' plaintiff 'had under submission five requests that the district court order the [Board] to produce a specified official report purporting to identify specific systemic problems with healthcare services at the Maricopa County Jail. . . .  In light of those five unresolved discovery "requests," the Ninth Circuit held that summary judgment in the Board's favor was improper. That Court thus 'vacate[d] and remand[ed] for further proceedings, including, if applicable, resolution of any discovery request by either party relating to the [February 24, 2006] NCCHC report.

Morgal, 2012 WL 2029719, at *1 (quoting Memo. (Doc. 122-1) at 2-3).  There is nothing in the Ninth Circuit's decision even hinting, much less finding that the defendant did not cooperate with any discovery.  Nor did the Ninth Circuit find that "discovery was not completed[.]" See Mot. (Doc. 156) at 2.

   With the foregoing clarifications and, as discussed above, the court hereby DENIES plaintiff Morgal's "Motion to Reconsider Ruling on 6/5/2012[.]" See Mot. (Doc. 156) at 1.

   DATED this 20th day of June, 2012.

_____
Robert C. Broomfield
Senior United States District Judge

Copies to counsel of record and plaintiff *pro se*

-5-