**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan Kenneth Morgal, | ) |
| Plaintiff, | ) No. CIV 07-0670-PHX-RCB |
| vs. | ) O R D E R |
| Maricopa County Board of Supervisors, | ) |
| Defendant. | ) |

Currently pending before the court is plaintiff *pro se*, Allan Morgal's, fourth motion for appointment of counsel (doc. 155), to which no opposition has been filed. Despite repeated attempts, still, plaintiff has not made the predicate showing of "exceptional circumstances" which the Ninth Circuit requires to warrant appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984))[1] (District courts have discretion pursuant

---

[1] In three of his four motions to appoint counsel, including the pending one, plaintiff maintains that he is entitled to counsel because he "has satisfied at least 6 of the Tabron issues. 6 F.3d at 155-57." Mot. (Doc. 155) at 3. Tabron v. Grace, 6 F.3d 147 (3rd Cir. 1993), is a decision from the Third Circuit Court of Appeals, and hence is not binding upon this

to section 1915(e)(1) to appoint counsel for indigent civil litigants "'only in exceptional circumstances.'") Therefore, for the reasons set forth below, the court denies plaintiff's motion for appointment of counsel.

### *Background*

Plaintiff first sought appointment of counsel on January 14, 2008. United States Magistrate Judge Edward C. Voss ("the Magistrate Judge") denied that motion because plaintiff did not show exceptional circumstances. Ord. (Doc. 32) at 3. On September 15, 2011, and after plaintiff partially prevailed on his *pro se* appeal to the Ninth Circuit Court of Appeals, he filed a second motion for appointment of counsel. Although plaintiff expanded upon his reasons for seeking such appointment, the Magistrate Judge declined to "reconsider its prior order" because, again, plaintiff did not establish exceptional circumstances. Ord. (Doc. 133) at 2:26.

On January 20, 2012, plaintiff filed another motion to appoint counsel, asking the court to "revisit" his September

---

district court sitting in the Ninth Circuit Court of Appeals. Thus, even assuming for the sake of argument that plaintiff has met the Tabron standard, that is irrelevant because Tabron does not provide the governing legal standard here. Moreover, the Third Circuit's view that the district court erred in requiring "exceptional circumstances" to justify appointment of counsel to an indigent prisoner is not in keeping with the "exceptional circumstances" requirement recognized by this Circuit and others. See, e.g., Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980) (citations omitted) (The Ninth Circuit "has limited the exercise of that power [under section 1915] to exceptional circumstances."); Lavado v. Keohane. 992 F.2d 601, 606 (6th Cir. 1993) (appointment of counsel in civil case is justified only upon a showing of exceptional circumstances); Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (same); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ( same); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975) (same); and Ehrlich v. Van Epps, 428 F.2d 363, 364 (7th Cir. 1970) (same). Thus, to the extent plaintiff Morgal is suggesting, based upon Tabron, that he need not show exceptional circumstances, he is mistaken.

- 2 -

2011 motion. Mot. (Doc. 136) at 1. In that motion, plaintiff requested appointment of counsel on the sole basis that he "can not navigate the complex misleading statement [sic] presented by Counsel to the Courts." Id. Finding that was an "insufficient basis" for "satisfy[ing] the legal standard for the appointment of counsel[,]" the Magistrate Judge denied this motion as well. The Magistrate Judge noted that plaintiff had not "show[n] an inability to articulate his claims in light of the complexity of the issues." Ord. (Doc. 138) at 2:2-3. Likewise, plaintiff also failed to present anything "demonstrat[ing] a likelihood of success on the merits." Id. at 2:3-4. So, again, plaintiff "failed to show" the requisite "exceptional circumstances[.]" Id. at 2:4-5.

On June 18, 2012, plaintiff filed the pending motion to appoint counsel. A substantial portion of the present motion is taken verbatim from plaintiff's second motion. Namely, plaintiff is seeking appointment of counsel because allegedly defendant repeatedly has made false and misleading statements, and it has not met its discovery obligations. Also, as before, plaintiff asserts a need for counsel due to his "inability to navigate . . . complex discovery rules[;]" the existence of complex legal and medical issues and the necessity of expert testimony; his belief that "[t]his case will most likely turn on cred[i]bility issues[;]" and the "need for factual investigation beyond that which" plaintiff can conduct as an inmate. Mot. (Doc. 155) at 3 and 2. He also once again claims that he has tried to obtain "at least 6 attorneys" to represent him, but all have declined. Id. at 3.

Additionally, now, for the first time, plaintiff focuses on the possibility of a trial. He asserts that the court should appoint counsel because it would "shorten the trial and limit evidence to relevant issues benefitting" the parties and the court. Id. at 5. For the first time, plaintiff also asserts that "cross-examination will be an important issue." Id. Lastly, plaintiff baldly asserts for the first time that he "is handicapped under the ADA (American Disabilities Act)." Id.

### *Discussion*

In a 42 U.S.C. § 1983 action such as this, "[t]here is no constitutional right to appointed counsel[.]" Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citation omitted), partially overruled en banc on other grounds, 154 F.3d 952, 954 n. 1 (9th Cir. 1998)); see also Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1353 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") Therefore, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). By the same token though, pursuant to 28 U.S.C. § 1915(e)(1), a "court may request an attorney to represent any person unable to afford counsel." Such a request is predicated upon a showing of exceptional circumstances. See Agyeman, 390 F.3d at 1103.

"A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id.

-4-

(quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn, 789 F.2d at 1331). In the end, the burden remains upon plaintiff to establish exceptional circumstances. See Thornton v. Schwarzenegger, 2010 WL 3910446, at *5 (S.D.Cal. 2010) (denying motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because plaintiff "failed to demonstrate either a likelihood of success on the merits or an inability to represent himself (beyond the ordinary burdens encountered by prisoners representing themselves pro se)[]").

Before addressing these two factors, because plaintiff claims to have contacted "at least 6 attorneys to represent him," the court will, likewise, consider this factor. See Mot. (Doc. 155) at 3. The correspondence attached to plaintiff's motion shows that his case has been declined by only two attorneys, not by "at least [six]." See id. at 6-8. Regardless, under all of the circumstances, "[a]lthough unsuccessful, Plaintiff's action demonstrates 'a reasonably diligent effort to secure counsel,' thereby satisfying a prerequisite some courts have required prior to appointing indigent plaintiffs an attorney." See Cota v. Scribner, 2012 WL 540542, at *1 (S.D.Cal. 2012) (quoting Bailey v. Lawford, 835 F.Supp. 550, 552 (S.D.Cal. 1993)).

### A. Likelihood of Success on the Merits

Plaintiff offers no argument at all as to his likelihood of success on the merits. Moreover, arguably "it is too early to

- 5 -

determine the likelihood of success on the merits" given that "it is not certain whether" plaintiff's complaint "will survive [defendant's pending motion for] summary judgment." See Garcia v. Smith, 2012 WL 2499003, at *3 (S.D.Cal. 2012) (citations omitted). Therefore, the first "exceptional circumstances" factor does not support plaintiff's request for appointment of counsel.

### B. Ability to Articulate Claims

Plaintiff Morgal fares no better with the second factor in that he has not shown "that because of the complexity of the claims he [has been] unable to articulate his positions." See Rand, 113 F.3d at 1525. Indeed, the record demonstrates just the opposite. This is a single count complaint with one defendant remaining. And, so far, plaintiff "has been able to articulate his claims against the relative complexity of the case, as the Court found that [his] complaint contained allegations sufficient to survive the sua sponte screening" which 28 U.S.C. § 1915A requires. See Miller v. LaMontagne, 2012 WL 1666735, at *2 (S.D.Cal. 2012). Additionally, during the five year pendency of this lawsuit, plaintiff has filed numerous motions and was, in fact, partially successful in representing himself on appeal in the Ninth Circuit. Thus, despite plaintiff's protestations to the contrary, he is capable of navigating the legal process.

Further, although plaintiff "may well have fared better-particularly in the realms of discovery and the securing of expert testimony- . . . this is not the test." See Rand, 113 F.3d at 1525. Moreover, despite plaintiff's claimed inability

to secure certain discovery, ultimately he did obtain the February 24, 2006 "'Revised Accreditation Report on the Health Care Services at Maricopa County Sheriffs [sic] Office-Detention Bureau,'" which seemingly he views as critical. See Doc. 122-1 at 3, n.1.

Likewise, undoubtedly plaintiff's confinement has hampered his ability to conduct further factual investigation, but that does not establish the complexity of the issues or otherwise show exceptional circumstances. See Wilborn, 789 F.2d at 1331 (noting that "[i]f all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); see also Garcia v. Smith, 2012 WL 2499003, at *4 (S.D.Cal. 2012) ("[a]lthough the investigation may be difficult" for a prisoner, "it does not rise to the level of an 'exceptional circumstances' that would entitle [plaintiff] to appointed counsel[]"). "Indeed, most lawsuits require the development of facts over the course of the litigation, and pro se plaintiff[s] are typically not in the position to easily investigate facts." Id. (citation omitted); see also Wilborn, 789 F.2d at 1331 ("[A] *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.")

As to plaintiff's newly raised concerns regarding cross-examination, his claimed inability to adequately represent himself at trial, and his belief that credibility issues are at the core of this lawsuit, none of these demonstrate exceptional circumstances warranting the appointment of counsel at this time

given that defendant's summary judgment motion is pending. See Montagne, 2012 WL 1666735, at *2; see also Thornton, 2010 WL 3910446, at *5 (citing Rand, 113 F.3d at 1525) ("factual disputes and anticipated cross-examination of witnesses do not indicate a presence of complex legal issues warranting a finding of exceptional circumstances").

Turning to plaintiff's assertion that he is handicapped under the ADA, he has not identified or in any away explained his purported handicap. Nor has plaintiff shown, and the court fails to see how, such a handicap factors into this court's analysis of whether he is entitled to the appointment of counsel under 28 U.S.C. § 1915(e)(1).

In sum, plaintiff Morgal has not demonstrated the requisite exceptional circumstances for appointment of counsel under section 1915(e)(1) in that he has shown neither a likelihood of success on the merits nor an inability "to articulate his claims in light of the complexities of the legal issues involved." See Agyeman, 390 F.3d at 1103 (internal quotation marks and citation omitted). Although, "any pro se litigant certainly would be better served with the assistance of counsel[,]" Rand, 113 F.3d at 1525, the difficulties set forth in plaintiff's motion are "difficulties which any litigant would have proceeding pro se; they do not indicate exceptional factors." See Wood, 900 F.2d at 1335-1336. Consequently, the court DENIES plaintiff Morgal's fourth motion for appointment of counsel (Doc. 155).

1       DATED this ___23rd___ day of July, 2012.

2

3

4

5       _____
        Robert C. Broomfield
6       Senior United States District Judge

7  Copies to counsel of record and plaintiff *pro se*

- 9 -