WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Allan K. Morgal,                 )
                                 )
            Plaintiff,           )     No. CIV-07-0670-PHX-RCB
                                 )
        vs.                      )          O R D E R
                                 )
Maricopa County Board of,        )
Supervisors,                     )
                                 )
            Defendant.           )
_____ )

     On July 9, 2012, plaintiff filed a "Request for
Discovery[.]" Mot. (Doc. 161). Construing that "Request" as a
motion, this court allowed the defendant to file a response.
Ord. (Doc. 163) at 2:19-22.  The defendant timely filed a
response on August 1, 2012 (Doc. 165).  Thus, in accordance
with this court's prior order, plaintiff had "seven (7) days
after service of [that] response, . . . , to file a reply if
he so desire[d][,]" Ord. (Doc. 163) at 2:23-24, or until
August 13, 2012 in computing the time in accordance with
Fed.R.Civ.P. 6.  Plaintiff has not filed a reply and the time

1  to do so has passed.  Plaintiff's discovery motion is thus

2  ripe for consideration.

3      The discovery deadline was March 26, 2008  - more than

4  four years ago.  In seeking to re-open discovery after

5  remand, in September 2011, plaintiff sought, among other

6  things, to depose Dr. Todd Wilcox, a Medical Director for

7  Correctional Health Services during the relevant time frame.

8  Denying that motion, Magistrate Judge Edward  C. Voss,

9  explained that "[d]epositions of the individuals identified

10 in Plaintiff's motion would have been just as relevant early

11 on in the case as Plaintiff claims they are now."  Ord. (Doc.

12 133) at 2:12-14.  Despite the foregoing, now plaintiff is

13 seeking to obtain the 2008 deposition of Dr. Todd Wilcox

14 taken in Graves v. Arpaio, 2:77-cv00479-NVW.  Plaintiff

15 generically  refers to a "continuing duty to disclose[,]" but

16 he offers no specific reason whatsoever as to why he needs to

17 obtain this deposition. Mot. (doc. 161) at 1.

18      In light of the foregoing, not surprisingly, defendant

19 responds that plaintiff has not shown good cause for

20 modification of the scheduling order as Fed.R.Civ.P. 16(b)(4)

21 requires.  See El-Hakem v. BJY Inc., 415 F.3d 1068, 1077 (9th

22 Cir. 2005) (citation and internal quotation marks omitted)("A

23 pretrial order controls the subsequent course of the action

24 unless modified upon a showing of good cause.") Under that

25 Rule,  "[t]he focus of inquiry is upon the moving party's

26 reasons for seeking modification[]" of the scheduling order.

27 C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654

28 F.3d 975, 984 (9th Cir. 2011) (citation and internal quotation

marks omitted), <u>cert.</u> <u>denied</u> <u>sub</u> <u>nom.</u> <u>C.F. v. Corbett</u>, ___

U.S. ___, 132 S.Ct. 1566, 182 L.Ed.2d 168 (U.S. Feb. 21,

2012).  This court thoroughly discussed the necessary Rule 16

good cause showing in a recent order in this case.  <u>See</u>

<u>Morgal v. Maricopa County Bd. of Sup'rs</u>, 2012 WL 2029719, at

*5-*6 (D.Ariz. June 6, 2012).  That discussion is

incorporated by reference and set forth below for convenience

sake.[1]

_____

[1]    [R]ule 16(b)'s "good cause" standard primarily considers the
diligence of the party seeking the amendment. . . .
     Courts within this Circuit have articulated and undertaken [a]
three-step inquiry in resolving the question of 'diligence' in the context
of determining good cause under Rule 16[.] . . . Under that inquiry:

> [T]o demonstrate diligence under Rule 16's
> "good cause" standard, the movant may be
> required to show the following: (1) that
> [ ]he was diligent in assisting the [c]ourt
> in creating a workable Rule 16 order;
> (2) that h[is] noncompliance with a
> Rule 16 deadline occurred or will occur,
> notwithstanding h[is] diligent efforts to
> comply, because of the development of matters
> which could not have been reasonably
> foreseen or anticipated at the time of
> the Rule 16 scheduling conference; and (3)
> that [ ]he was diligent in seeking amendment of
> the Rule 16 order, once it became apparent that
> [ ]he could not comply with the order.

. . . The diligence obligation is ongoing.  Parties must diligently attempt
to adhere to that schedule throughout the subsequent course of the
litigation. . . .
     The Ninth Circuit has also recognized that, [t]he district court may
modify the pretrial schedule if it cannot reasonably be met despite the
diligence of the party seeking the extension. . . . By the same token
though, carelessness is not compatible with a finding of diligence and
offers no reason for a grant of relief. . . . Finally, while the existence
or degree of prejudice to the party opposing the modification might supply
additional reasons to deny a motion, the focus of the inquiry is upon the
moving party's reasons for seeking modification. . . . If that party was not
diligent, the inquiry should end. . . .

<u>Morgal</u>, 2012 WL 2029719, at *6-*7 (citations and internal quotation marks
omitted).

1    Plaintiff filed the pending discovery motion on July 9,
2  2012, after this court's thorough discussion of good cause in
3  Morgal, 2012 WL 2029719.  Ignoring or perhaps overlooking
4  that discussion, plaintiff makes no attempt at all to satisfy
5  the legal standards for good cause, and more specifically for
6  diligence, outlined therein.  The only basis for seeking to
7  obtain Dr. Wilcox's prior deposition is that he "was the
8  medical director during the time of the complaint up until
9  2008." Mot. (Doc. 161) at 1.  Clearly that statement does
10 not even come close to satisfying Rule 16(b)(4)'s good cause
11 standard.  Especially after Morgal, 2012 WL 2029719,
12 plaintiff was fully aware of the legal standards which he
13 needed to satisfy to obtain relief under Rule 16(b)(4), yet
14 he made no attempt whatsoever to satisfy those standards.
15    Given plaintiff's complete failure to show diligence so
16 as to meet the Rule 16(b)(4) good cause standard, and because
17 the time for discovery in this case has long since passed,
18    The court hereby **DENIES** plaintiff's "Request for
19 Discovery" (Doc. 161).
20    DATED this 20th day of August, 2012.
21
22
23 _____
24    Robert C. Broomfield
     Senior United States District Judge
25
26
27
28 Copies to counsel of record and plaintiff pro se

-4-